UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FREDA SORAH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:11-CV-246 |
| | ) | (VARLAN/GUYTON) |
| V. | ) | |
| | ) | |
| RIPLEY'S ENTERTAINMENT, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Scheduling Order to address a dispute regarding the parties' discovery obligations.

On October 9, 2012, the parties appeared before the undersigned for a telephonic conference to address expert disclosures made by the Plaintiffs. Attorney Gregory Cotton was present representing the Plaintiffs, and Attorney Joseph Ballard was present representing the Defendants.

The Defendants requested the conference before the undersigned. The Defendants maintain that the Plaintiffs' expert disclosures were made almost a month after the expiration of the deadline for expert disclosures set in the Scheduling Order, [Doc. 9]. Specifically, the Defendants object to the disclosure of Robert G. Pastula, who Plaintiffs offer as an expert in safety, on October 5, 2012.

The Plaintiffs concede that their disclosures are late. Counsel for the Plaintiffs acknowledged that Mr. Pastula has not produced a report, and counsel did not dispute the fact that the deadline for expert disclosures has expired. Mr. Cotton offered that the Plaintiffs simply

"couldn't find anyone" to testify as an expert on safety until October 4, 2012, when Mr. Pastula was retained.

Based on the parties' representations at the hearings and the record as a whole, the undersigned **FINDS**:

1. The trial in this matter is set to commence February 4, 2013;

2. The Scheduling Order entered December 21, 2011, directed that expert disclosures, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, be made at least one hundred and fifty days prior to trial, *i.e.* on or before September 6, 2012;

3. It is undisputed that Robert G. Pastula was retained by Plaintiffs on October 4, 2012, to serve as an expert in this case, and he was disclosed to Defendants on October 4, 2012, or October 5, 2012;

4. Mr. Pastula has not prepared an expert report as required by Rule 26(a)(2)(B);

5. Counsel for the Plaintiffs did not indicate that Mr. Pastula has even begun to compose this report;

6. The Plaintiffs did not file a motion to extend their deadline for disclosing their experts and producing expert reports;

7. The Plaintiffs have not made a showing of excusable neglect relating to their failure to make timely expert disclosures or their failure to request an extension;

8. The deadline for filing dispositive motions has expired, and the Defendants have been forced to file their motion without viewing a report from Mr. Pastula; and

9. The deadline for filing <u>Daubert</u> motions expires on November 6, 2012, but the Defendants have not yet been provided an expert report.

Based on these findings, the Court finds that the Plaintiff has not shown good cause for modifying the deadlines set in the Scheduling Order.  See Fed. R. Civ. P. 16(b)(4); Doc. 9 at 1.  It is the obligation of this Court to enforce the terms of the Scheduling Order. Therefore, the undersigned **RECOMMENDS**[1] that Robert G. Pastula be **EXCLUDED** from offering expert testimony in this case, pursuant to Rules 37 and 26 of the Federal Rules of Civil Procedure.

          Respectfully Submitted,

            /s H. Bruce Guyton
          United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).