UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| FREDA SORAH as Mother and Next Friend of S.J.S. (a Minor), DACIA PREECE as Mother and Next Friend of M.K.L. (a Minor), and CHRIS and LORRAINE LEES as Parents and Next Friend of S.L. (a Minor), | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:11-CV-246 (VARLAN/GUYTON) |
| RIPLEY ENTERTAINMENT, INC., d/b/a RIPLEY'S HAUNTED ADVENTURE; RIPLEY'S AQUARIUM (GATLINBURG) L.L.C., d/b/a RIPLEY'S HAUNTED ADVENTURE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Report and Recommendation of Magistrate Judge H. Bruce Guyton, entered on October 9, 2012 [Doc. 15] (the "R&R"). On the same day, the parties appeared before the magistrate judge for a telephonic conference to address an expert disclosure made by plaintiffs on October 5, 2012 [*Id.*]. Defendants maintained that the expert disclosure of Robert G. Pastula, who plaintiffs offer as an expert in safety, was made almost one month after the expiration of the deadline for expert disclosures set forth in the Scheduling Order [*Id.*]. Plaintiffs conceded that the disclosure was late and that Mr. Pastula had not produced a report, but claimed they "couldn't find anyone" to testify as an expert on safety until October 4, 2012, which is

when Mr. Pastula was retained [*Id.* (quotation marks omitted)]. Magistrate Judge Guyton found as follows:

> 1. The trial in this matter is set to commence February 4, 2013;
>
> 2. The Scheduling Order entered December 21, 2011, directed that expert disclosures, pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, be made at least one hundred and fifty days prior to trial, *i.e.* on or before September 6, 2012;
>
> 3. It is undisputed that Robert G. Pastula was retained by Plaintiffs on October 4, 2012, to serve as an expert in this case, and he was disclosed to Defendants on October 4, 2012, or October 5, 2012;
>
> 4. Mr. Pastula has not prepared an expert report as required by Rule 26(a)(2)(B);
>
> 5. Counsel for the Plaintiffs did not indicate that Mr. Pastula has even begun to compose this report;
>
> 6. The Plaintiffs did not file a motion to extend their deadline for disclosing their experts and producing expert reports;
>
> 7. The Plaintiffs have not made a showing of excusable neglect relating to their failure to make timely expert disclosures or their failure to request an extension;
>
> 8. The deadline for filing dispositive motions has expired, and the Defendants have been forced to file their motion without viewing a report from Mr. Pastula; and
>
> 9. The deadline for filing <u>Daubert</u> motions expires on November 6, 2012, but the Defendants have not yet been provided an expert report.

[*Id.*]. Accordingly, he determined that plaintiffs did not show good cause for modifying the deadlines set forth in the Scheduling Order and recommended that Robert G. Pastula be excluded, pursuant to Rules 37 and 26 of the Federal Rules of Civil Procedure, from offering expert testimony in this case [*Id.*].

2

Plaintiffs filed an objection [Doc. 21]. Plaintiffs submit: (1) that they "were not able to obtain the proper expert until October 4, 2012"; (2) "[t]hat the trial of this case is not set until February 2012"; (3) "[t]hat the Defendants would in no way be prejudiced by allowing the Plaintiffs to call the expert witness"; (4) "[t]hat the Plaintiffs would be prejudiced against not allowing them to call their expert witness"; and (5) "[t]hat the Motion should be granted as a matter of justice" [*Id.*]. Defendants filed a response to plaintiffs' objection [Doc. 23].

This matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Court's Scheduling Order [Doc. 15]. Section 636(b)(1) states that a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1). Likewise, Rule 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). As the instant matter is nondispositve, the Court will consider plaintiffs' objection and set aside the magistrate judge's findings only if they are "clearly erroneous or contrary to law." *See Nisus Corp. v. Perma-Chink Sys., Inc.*, 327 F. Supp. 2d 844, 848 (E.D. Tenn. 2003). "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

As an initial matter, the Court finds plaintiffs provide no support for the five arguments set forth in their objection [*See* Doc. 21]. Nevertheless, reviewing the record as a whole in light of the plaintiffs' arguments, the Court finds that Magistrate Judge Guyton's findings, and his report and recommendation, are neither clearly erroneous nor contrary to law.[1]

This case was filed on March 22, 2011, and removed to this Court on June 1, 2011 [Doc. 1]. The Scheduling Order provides that plaintiffs must disclose all experts 150 days prior to the trial date of February 4, 2013 [Doc. 9]. While plaintiffs state they were unable to obtain an expert on safety until October 4, 2012, plaintiffs provide no reason why they were unable to retain an expert until almost one month after the deadline for disclosing experts, and they never filed a motion seeking an extension to disclose experts. Thus, they have failed to demonstrate excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).

In addition, it appears that plaintiffs have failed to comply with the expert reporting requirements set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure. Rule 26(a)(2) specifically requires disclosure of a "written report--prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). Defendants inform the Court that, to date, they have not received a written report from Mr. Pastula, and that plaintiffs have not indicated that Mr. Pastula has even begun composing this report [Doc. 23].

---

[1] The Court notes that even under *de novo* review, its decision herein would be the same; that is, that Robert G. Pastula shall be excluded from offering expert testimony in this case.

4

Allowing Mr. Pastula to serve as an expert in this case would also, despite plaintiffs' assertion to the contrary, prejudice defendants. Defendants submit they will be "unable to locate and/or provide any potential rebuttal expert prior to the expiration of its expert disclosure deadline[,]" which has passed, and that they cannot "adequately prepare for the upcoming deadline to file *Daubert* motions, which expires on November 6, 2012" [Doc. 23]. The Court further notes that defendant Ripley Entertainment, Inc. d/b/a Ripley's Haunted Adventure filed a motion for summary judgment on October 8, 2012, and had to do so without being able to view a report from Mr. Pastula.

Accordingly, for the reasons stated herein, the Court agrees with the magistrate judge and finds, pursuant to Rules 37 and 26 of the Federal Rules of Civil Procedure, that Robert G. Pastula shall be excluded from offering expert testimony in this case. *See Pride v. PIC Corp.*, 218 F.3d 566, 578–79 (6th Cir. 2000) ("District courts have broad discretion to exclude untimely disclosed expert-witness testimony." (citations omitted)). Plaintiffs' objection [Doc. 21] is **OVERRULED** and the R&R [Doc. 15] is **ACCEPTED IN WHOLE**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE